UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BUTLER,

          Plaintiff,               CIVIL ACTION NO. 04 CV 72750 DT

    v.                        DISTRICT JUDGE PATRICK J. DUGGAN

NORTHWEST AIRLINES, INC.,     MAGISTRATE JUDGE VIRGINIA MORGAN
a corporation, PROSPECT AIRPORT
SERVICES, INC., an Illinois corporation,
and SUNRISE MEDICAL, a California
corporation,

          Defendants.



FILED

SEP 06 2005

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## MEMORANDUM OF STATUS CONFERENCE AND SCHEDULING ORDER

Counsel for all parties met with the magistrate judge on August 25, 2005 for what had

been scheduled as a facilitated mediation in this civil action. This case arose out of the transport

of plaintiff at the Northwest Airlines terminal at the Detroit Metropolitan Airport in February,

2003. Plaintiff was at the time of the incident in his own wheelchair. He claims injuries

resulting from his wheelchair overturning when it was being pushed by employees of Prospect.

The wheelchair is alleged to have been manufactured by Sunrise. Plaintiff sued Northwest

Airlines. Two additional defendants, Prospect and Sunrise, were added in June, 2005. They do

not have at this time sufficient information to engage in settlement discussions and require

- 1 -

certain additional discovery. Consequently, the magistrate judge conducted a status/scheduling conference and adjourned the date for a facilitated mediation.

After discussion with counsel and the chambers of the district judge, the court adopts and enters the Stipulated Rule 16 and Rule 26(f) Scheduling Order (attached) and incorporates it by reference here. In addition to the dates set forth in that order, a settlement conference/facilitated mediation (with parties present) will be held in November, 2005, and further dates may be set at that time if no settlement is reached.

IT IS FURTHER ORDERED that the following discovery will take place as soon as can be reasonably scheduled by counsel but definitely before the settlement conference:

1.  An inspection of the wheelchair which is the subject of this litigation.

2.  An independent medical examination of plaintiff as previously agreed to by counsel.

3.  Depositions of plaintiff, his father Tom Butler, and his brother and sister who are care givers. These individuals will be produced by plaintiff without subpoena.

4.  Identification by Prospect's counsel of Prospect employees involved in or who have personal knowledge of this incident, provision of relevant records, and depositions as noticed by plaintiff.

5.  Interrogatories and Requests for Production of documents may be served by each party. All outstanding Interrogatories and Request for Production of Documents shall be responded to within 30 days. Northwest indicated that it has the medical

- 2 -

records of plaintiff and will make those available to the other defendants upon
request.

6.    Plaintiff will clarify his current medical condition and identify the medical
      conditions alleged to have resulted from this incident so that defendants can assess
      the damage claims.

7.    In order to ensure that any settlement reached is final and binding, plaintiff's
      counsel will ascertain whether a guardian/conservator can be appointed for
      plaintiff by the state probate court.  Based on plaintiff's medical records,
      defendants believe that probate court approval of a settlement may be necessary.
      Plaintiff's counsel agrees to review this matter and commence any probate court
      proceedings necessary to ensure that there is legal authority in a person to accept
      any settlement and release any claims on behalf of plaintiff.  Defendants have no
      objection to such person being the plaintiff's father so long as the state probate
      court approves the same.

8.    No Rule 26 expert reports need be provided until after the November settlement
      date.  However, the parties are encouraged to obtain and exchange as much
      information as possible to assist in settlement discussions.

9.    Plaintiff's counsel will advise the court on or before September 15, 2005, of the
      selected date for the settlement conference after consultation with other counsel.
      Currently the court is holding November 15 and 17, 2005 for this case.

- 3 -

10. In order to facilitate settlement discussion on the date selected, plaintiff's counsel is requested to set forth his damage calculations and make a settlement demand or discuss the range of the potential settlement with defense counsel one week ahead of the settlement date. The court would prefer that the demand be in writing and indicate whether it is a joint demand of all defendants, or the individual defendant's separate share.

SO ORDERED.

VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated: 9/5/05

PURSUANT TO RULE 77 (d) F.R.C.
COPIES HAVE BEEN MAILED TO THE FOLLOWING

Paul Gala, David Jankford,
Bruce miller, Mark miller
David Seymour, John D moss
Eric Fuankie

ON 9-6-05

DEPUTY COURT CLERK

- 4 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BUTLER,

                    Plaintiff,                            Case No: 04-72750
                                                          Honorable Patrick J. Duggan

v.

NORTHWEST AIRLINES, INC.,
a corporation, PROSPECT AIRPORT
SERVICES, INC., an Illinois corporation,
and SUNRISE MEDICAL, a California
corporation,

                    Defendants.

---

| | |
|---|---|
| BRUCE A. MILLER (P17746)R<br>ERIC I. FRANKIE (P47232)<br>Miller Cohen, PLC<br>Attorneys for Plaintiff<br>600 W. Lafayette Blvd., 4th Floor<br>Detroit, MI 48226<br>(313) 964-4454 | DANIEL J. SEYMOUR (P38908)<br>DAVID J. LANKFORD (P47881)<br>Nagi, Baxter & Seymour, P.C.<br>Attorneys for Northwest Airlines<br>155 W. Congress, Suite 300<br>Detroit, MI 48226<br>(313) 964-2040 |
| PAUL D. GALEA (P29250)<br>Foster, Meadows & Ballard, P.C.<br>Attorneys for Prospect Airport Services<br>607 Shelby, 7th Floor<br>Detroit, MI 48226<br>(313) 961-3234 | MARK F. MILLER (P36404)<br>DeNardis McCandless Miller & Brennan<br>Attorneys for Sunrise Medical<br>70 Macomb Place, Suite 200<br>Mt. Clemens, MI 48043<br>(586) 469-9191 |

## RULE 16 AND RULE 26 (f) SCHEDULING ORDER

### I.    PLAINTIFF'S CLAIMS

1.    When Northwest and/or Prospect Services undertook to wheel Plaintiff who was a
paraplegic, they undertook a duty to use due care in transporting him as well as
due care in taking care of him in the event of any resulting injury out of their care
or lack thereof;

2.      Northwest Airlines, Inc. and/or Prospect Services are responsible for the acts of
        their employee;

3.      On or about February 26, 2003, Northwest and/or Prospect, through their
        employees, breached their duty of care by negligently causing Plaintiff's
        wheelchair to overturn thus injuring Plaintiff and by failing to exercise ordinary
        care and prudence while pushing Plaintiff's wheelchair.

4.      Northwest Airlines and Prospect Services are vicariously liable for their
        employees' breach of the duty of reasonable care;

5.      Northwest, Prospect Services and their employees failed to exercise due care and
        to take reasonable action to protect Plaintiff against unreasonable risk of physical
        harm while pushing Plaintiff in a wheelchair, failing to give him firs aid after they
        knew or had reason to know that Plaintiff was injured and to care for him;

6.      Northwest, Prospect Services and their employees failed to exercise such
        diligence as would be exercised in like or similar circumstances by a reasonably
        prudent carrier, commensurate and in proportion to the extent that Northwest and
        its employees should have reasonably anticipated or know of the hazards and
        dangers of the jet way;

7.      Northwest, Prospect Services and their employees failed to exercise such care as
        was commensurate with the responsibility assured and to protect Plaintiff in view
        of his condition as a paraplegic;

8.      Northwest and/or Prospect Services negligently hired and trained their employees
        in such areas as transporting a paraplegic passenger in a wheelchair and taking
        proper precautions on the jet way;

9.      Northwest and/or Prospect Services were careless and negligent in their
        supervision, oversight, handling and control of assistance to wheelchair-bound
        Plaintiff, James Butler.

10.     Sunrise Medical owed duties to the general public and to Plaintiff in particular to
        properly design the wheelchair Plaintiff was using on February 26, 2003, to
        properly test said product for defects and to provide it adequate and proper
        warnings and guidelines;

11.     Sunrise Medical did breach each and every one of the duties owed by it to the
        general public and to Plaintiff in particular by failing to properly design its
        wheelchair including but not limited to designing a product that was prone to
        tipping and overturning, that had compromised stability and that was not equipped
        with a lap belt, arm rests and/or proper padding. In addition, Defendant Sunrise
        Medical failed to properly test its product for defects, failed to provide adequate

warnings and guidelines, such as warnings which addressed the propensity of the wheelchair to tip and be overturned easily;

12. Based upon the scientific, technical and medical information reasonable available to Sunrise Medical, Sunrise knew or should have known that its product was defective and that there was substantial likelihood that the defects would cause injury;

13. Sunrise Medical willfully disregarded its knowledge that its product was defective and that the defect was substantially likely to cause injury.

14. Sunrise Medical willfully disregarded its knowledge that its product was defective and that the defect was substantially likely to cause injury.

15. The wheelchair manufactured by Sunrise Medical was not reasonably fit for the uses or purposes anticipated or reasonably foreseen by Sunrise Medical when it left Sunrise's control;

16. For the above reasons, and as a direct and proximate result of the breaches of duties owed to Plaintiff by Northwest Airlines, Prospect Services and Sunrise Medical, Plaintiff was thrown from his wheelchair on February 26, 2003, resulting in the serous injuries to him described more fully in his Complaint.

## 2.    **POSITION OF DEFENDANTS**

### A.    **Defendant Northwest Airlines, (NWA)**

Defendant Northwest Airlines, (NWA) denies liability. Plaintiff's deposition testimony describes actions by the individuals transporting him that are not undertaken by NWA. Further, Plaintiff was occupying his own wheelchair at the time of the alleged incident, which may be a proximate cause of his alleged injuries.

NWA asserts the following issues remain:

1   Whether the use of Plaintiff's own wheelchair, which Plaintiff occupied at the time of transport, contributed to his incident through misuse of Mr. Butler, (i.e. not using supplied equipment), defect, or non- or mis-instruction by Mr. Butler to those transporting him;

2. Whether Mr. Butler's physical condition, non- or mis-instruction by Mr. Butler to those   transporting him was a proximate cause of his alleged injuries;

3

3. Whether the wheelchair was modified and/or abused by Mr. James Butler or others prior to the date of the alleged incident;

4. Whether the occurrence and damages alleged in Plaintiff's First Amended Complaint resulted wholly and solely from or were contributed to by the fault, neglect and/or want of care or superseding or intervening acts of other persons or entities other than Defendant NWA, for whose acts said Defendant NWA is not liable or responsible and the occurrence and damages were not the result of any negligence or want of care on the part of Defendant NWA or on the part of its agents, servants or employees or which Defendant NWA could have guarded against;

5. Whether there is any proximate causation between Defendant NWA's alleged acts and/or alleged omissions and Plaintiff's alleged damages or injuries, thereby barring Plaintiff from any relief against Defendant NWA;

6. Whether the occurrence, alleged injury, damage or loss, if any, sustained by Plaintiff was proximately caused and/or contributed to by the negligence of Plaintiff in that Plaintiff failed to exercise ordinary care on his own behalf at the time and place set forth in the First Amended Complaint and Plaintiff's damages, if any, should be apportioned in accordance with Michigan law;

7. Whether Plaintiff has failed to mitigate his damages;

8. Whether Plaintiff's First Amended Complaint is or may be barred by the applicable statute of limitations, release, waiver, or accord and satisfaction;

9. Whether the occurrence, alleged injury, loss or damages, if any, alleged in Plaintiff's First Amended Complaint, if any, were contributed to by the fault, neglect, and want of care of persons or entities other than Defendant NWA for whose acts said Defendant NWA is not liable or responsible and whether any damages sustained by Plaintiff should be apportioned in accordance with **MCL 600.2925(a), et seq.**

10. Whether Defendant NWA may avail itself of all rights provided under the Michigan Tort Reform Act, Public Act 175 of 1986, as amended, and any other subsequent tort reform legislation effective at the time of the date of the injury;

11. Whether any claim against Defendant NWA is controlled by the contract of carriage and the respective tariffs properly filed by NWA and whether, based on that contract of carriage and tariff, Plaintiff's claim may be barred and is not timely;

12. Whether Defendant NWA had notice or knowledge of any alleged unsafe condition on the aircraft or in the jetway.

4

13. The nature and extent of Plaintiff's alleged injuries and damages, if any.

## B.    Prospect Airport Services, Inc.

Defendant Prospect Airport Services, Inc., (hereinafter Prospect) denies liability and further asserts that the sole cause of the incident at issue was the negligence of the plaintiff and/or the plaintiff's father, Thomas Butler. This Defendant incorporates the issues of law and fact asserted by Co-Defendants as well as its own affirmative defenses.

The following issues remain as to Defendant Prospect:

      1.      Whether Plaintiff was negligent and whether Plaintiff's negligence was the sole or contributing cause of his injury;

      2.      Whether the action of any other entity was a superseding cause of Plaintiff's injury;

      3.      Whether there is any causal relationship between any act of Defendant Prospect and any of Plaintiff's damages;

      4.      Whether Defendant Prospect may avail itself of the benefits of Michigan's Tort Reform Act; and,

      5.      Whether Plaintiff has mitigated his damages.

## C.    Defendant Sunrise Medical

Defendant Sunrise Medical denies liability. The alleged incident, as described in the Plaintiff's amended complaint, does not give rise to a claim against Sunrise. The Plaintiff's complaint does not support a claim that the subject wheelchair was defective or that the Plaintiff's alleged injuries were caused by the conduct of Sunrise.

With respect to Sunrise, the following issues are outstanding

      1.      Whether the wheelchair was manufactured and sold by Sunrise;

      2.      Whether the condition of the wheelchair was the proximate cause of the Plaintiff's alleged injuries;

      3.      Whether the wheelchair was defective in design;

      4.      Whether the wheelchair was defective in manufacture;

      5.      Whether the wheelchair was modified and/or abused;

6.   Whether the warnings provided with the wheelchair adequately warned of the risks associated with use of the product;

7.   Whether the wheelchair was misused at the time of the alleged incident;

8.   Whether the plaintiff has suffered damages as a result of his alleged injures.

## 3. **SETTLEMENT**

The parties have discussed settlement and have requested an early settlement conference before the Honorable Magistrate Judge Virginia Morgan. *The discovery/settlement conference is scheduled for August 25, 2005 at 10:00 a.m.*

## 4. **DISCOVERY PLAN**

a.   Rule 26(a)(1) Initial Disclosures shall be made by August 12, 2005.;

b.   Plaintiff shall file his witness list by September 9, 2005;

c.   Defendants shall file their respective witness lists by September 30, 2005;

d.   Any Independent Examination(s) requested by any of the Defendants shall be completed by November 4, 2005

e.   Discovery shall be completed by December 23, 2005;

f.   Dispositive Motions shall be filed by January 27, 2006.

_s/ Eric Frankie (by consent)_  
ERIC FRANKIE  
Attorney for Plaintiff

_s/ Paul D. Galea_  
PAUL D. GALEA  
Attorney for Prospect Airport Services

_s/ David Lankford (by consent)_  
DAVID LANKFORD  
Attorney for Northwest Airlines

_s/ Mark F. Miller (by consent)_  
MARK F. MILLER  
Attorney for Sunrise Medical

CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2005 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Bruce A. Miller
David Lankford
Mark F. Miller

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

Eric I. Frankie


s/ Paul D. Galea
Foster, Meadows & Ballard, P.C.
607 Shelby, Seventh Floor
Detroit, Michigan 48226
(313) 961-3234
pgalea@fostermeadows.com

00023536.DOC

7